UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PABLO CRUZ,<br><br>Petitioner,<br><br>v.<br><br>LUIS SPENCER,<br><br>Respondent. | Civil Action No. 05-10133-NMG |

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

### INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Luis Spencer, respectfully submits this motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Pablo Cruz, on the grounds that the petition fails to state a claim upon which relief may be granted.[1] As grounds for this motion, and as set forth more fully below, the respondent states that the petition for a writ of habeas corpus may not be granted because the federal petition contains an unexhausted claim, i.e., a claim which was not presented to the state's highest court before being brought to the federal court. Specifically, Ground Two in the instant petition was not presented to the Massachusetts Supreme Judicial Court ("the SJC").

---

[1] In the event that this Court declines to dismiss the petition on the grounds set forth in this memorandum, the respondent reserves the right, and requests the opportunity, to address the merits of the remaining claim or claims in this petition.

Accordingly, the petitioner has failed to exhaust his state court remedies with respect to one of the four claims in the instant petition, and the petition should therefore be dismissed.

## BACKGROUND

### Prior Proceedings

On May 8, 1998, a Plymouth County grand jury indicted the petitioner on one count of trafficking in 28 grams or more of cocaine in violation of G.L. c. 94C, § 32E(b)(2) and one count of trafficking in 200 grams or more of cocaine in violation of G.L. c. 94C, § 32E(b)(4). *See* Docket Sheet in *Commonwealth v. Pablo Cruz*, Plymouth County Superior Court Criminal Action Nos. 1998-00919-920, attached to Respondent's Supplemental Answer ("Supp. Ans.") as Exhibit 1. On October 20, 1999, the indictments came on for trial before the Plymouth Superior Court (Brady, J.) and a jury. *See id.* On October 22, 1999, the jury convicted the defendant of both counts of cocaine trafficking. *Id.* The defendant was sentenced to incarceration at the Massachusetts Correctional Institution at Cedar Junction for the following concurrent sentences: not less than fifteen years and not more than fifteen years and a day on the trafficking over 200 grams count, and not less than five years and not more than five years and a day on the trafficking over 28 grams count. *Id.*

A notice of appeal was filed on October 26, 1999. The Massachusetts Appeals Court ("the Appeals Court") affirmed the defendant's convictions on April 16, 2002. *Commonwealth v. Cruz*, 54 Mass. App. Ct. 1112 (2002).

The defendant filed a motion for a new trial and for post-trial discovery on or about May 9, 2003. *See* Supp. Ans., Exhibit 2. This motion was denied by the trial judge on May 30, 2003. *See id.*, Exhibit 3. The petitioner appealed the denial of this motion to the Appeals Court on June

30, 2003. Supp. Ans., Exhibit 4. The Appeals Court affirmed the Superior Court's decision denying the motion for new trial. *See Commonwealth v. Pablo Cruz*, 62 Mass. App. Ct. 1109 (2004)(table), Supp. Ans., Exhibit 6.

The petitioner sought further appellate review of the decision in the SJC. *See* Application for Further Appellate Review from an Order and Judgment of the Massachusetts Superior Court ("ALOFAR"), SJC No. ____, Supp. Ans., Exhibit 7. In his ALOFAR, the petitioner sought further appellate review on the grounds that (1) the denial of the motion for a new trial without an evidentiary hearing was an abuse of discretion by the trial judge; (2) he had received ineffective assistance of trial counsel; (3) that his rights had been violated by the failure of the trial judge to give the "missing witness" instruction; and (4) that he was entitled to post-trial discovery regarding certain employment records. *See id.* The SJC denied the petitioner's request for further appellate review on December 23, 2004. *See Commonwealth v. Pablo Cruz*, 443 Mass. 1101 (2004)(table), Supp. Ans., Exhibit 8.

### The Instant Federal Habeas Petition

The petitioner filed his federal habeas petition on January 26, 2005. As grounds for his petition, the petitioner claims (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) issues relating to post-trial discovery; and (4) that the trial judge failed to give a "missing witness" instruction. *See* Petition, ¶ 12(A-D).

## ARGUMENT

The instant habeas petition should be denied because the petitioner has failed to present the claim he now makes in Ground Two of the petition to the SJC.

### A.    Standard

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court,* 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See also Rose v. Lundy,* 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola,* 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte,* 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A). The longstanding exhaustion requirement[2], in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose,* 455 U.S. at 518. *See also Duncan v. Henry,* 513 U.S. 364, 365-66 (1995); *Ex parte Royall,* 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied* 513 U.S. 1129 (1995); *Duckworth v. Serrano,* 454 U.S. 1, 3 (1984); *Mele,* 850 F.2d at 819.

It is the petitioner's heavy burden to demonstrate that his now-claimed federal errors were

---

[2] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See also Mele v. Fitchburg Dist. Ct.,* 850 F.2d 817, 819 (1st Cir. 1988).

4

fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989). In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added). The theory that the petitioner advances in his habeas petition must be the same as that relied upon in state court. *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987).

### B. The Instant Federal Habeas Petition

In the case before this Court, the petition for a writ of habeas corpus must be dismissed because the petitioner has failed to meet the exhaustion requirement. In Ground Two of his habeas petition, the petitioner claims that his appellate counsel was ineffective in "fail[ing] to preserve petitioner's rights by seeking review for the ineffective assistance of trial counsel." *See* Petition, ¶ 12(B). However, this claim was not presented to the SJC in the petitioner's ALOFAR. *See* ALOFAR, Supp. Ans., Exhibit 7. The petitioner acknowledges that he never presented this claim to the SJC in paragraph 13 of his Petition. *See* Petition, ¶ 13.

To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal habeas review." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), quoting *Gagne*, 835 F.2d at 7. *Accord Dougan*, 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele*, 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." *Mele*, 850 F.2d at 823. Moreover, every claim in a federal habeas petition must have been exhausted. *Rose*, 455 U.S. at 518-19. If a petition is "mixed" -- that is, contains both exhausted and unexhausted claims, it

5

must be dismissed. *Id.*

Here, since Ground Two of the petition was never presented to the SJC, Massachusetts' highest court, the habeas petition contains an unexhausted claim, and must, therefore, be dismissed. *See Rose*, 455 U.S. at 510, 518-19. *See also Picard v. Connor*, 404 U.S. 270, 275 (1971)("It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(quoting *Darr v. Buford*, 339 U.S. 200, 204 (1950)).

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that one of the claims in the petition has not been exhausted in the state court.

Respectfully submitted,

Luis Spencer,

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

*/s/ Maura D. McLaughlin*
Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau, Appellate Division
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: March 21, 2005

## Certificate of Service

I hereby certify that on March 21, 2005, I caused a true and accurate copy of the above document to be served via first class mail, postage prepaid, upon Pablo Cruz, petitioner *pro se*, MCI Norfolk, 2 Clark Street, Norfolk, Massachusetts 02056.

*Maura D. McLaughlin*
Maura D. McLaughlin