UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| PABLO CRUZ, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 05-10133-NMG |
| LUIS SPENCER, | ) |
| Respondent. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, Luis Spencer, through counsel, answers the numbered paragraphs of the petition for a writ of habeas corpus as follows:

1. Admitted.

2. Left blank by the petitioner. Further answering, the respondent states that the date of the conviction was October 22, 1999.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a-c). Respondent admits that the petitioner appealed his conviction to the

Massachusetts Appeals Court ("the Appeals Court"). The Appeals Court affirmed the petitioner's convictions on April 16, 2002, in a decision entitled *Commonwealth v. Pablo Cruz*, 54 Mass. App. Ct. 1112 (2002). The petitioner subsequently filed a motion for a new trial in the Superior Court, which was denied on May 30, 2003. The petitioner appealed the denial of his motion for a new trial to the Appeals Court, and the Appeals Court denied his appeal on November 5, 2004, in a decision entitled *Commonwealth v. Pablo Cruz*, 62 Mass. App. Ct. 1109 (2004).

9(d). Admitted. Further answering, the Appeals Court identified the grounds raised on appeal as "(1) ineffective assistance of counsel, claiming that [the petitioner's] attorney failed to investigate an alibi defense; (2) error on the part of the trial judge for failing to give a missing witness instruction; and (3) [the petitioner's] entitlement to posttrial discovery to establish his alibi defense." *Commonwealth v. Cruz*, 62 Mass.App.Ct. 1109 (table).

9(e)(1-2). Denied. The respondent did not seek direct review of his conviction in the Massachusetts Supreme Judicial Court ("the SJC"). The respondent did, however, seek review in the SJC of the Appeals Court's ruling upholding the denial of his motion for a new trial.

9(e)(3). The respondent admits that the date of the SJC's decision on the appeal of the denial of the motion for a new trial was December 23, 2004, and that the name of the case was *Commonwealth v. Cruz*. Further answering, the respondent states that the citation to the SJC's decision is *Commonwealth v. Cruz*, 443 Mass. 1101 (2004)(table).

9(e)(4). Denied. Further answering, the respondent states that the grounds raised in the petitioner's ALOFAR were (1) that the denial of the motion for a new trial without an evidentiary hearing was an abuse of discretion by the trial judge; (2) ineffective assistance of trial counsel; (3) failure of the trial judge to give the "missing witness" instruction; and (4) post-trial discovery issues. *See* ALOFAR, attached to the Supplemental Answer as Exhibit 7.

9(f).   Left blank by the petitioner.

10.   Admitted.

11(a)(1-2). Admitted.

11(a)(3). Denied. Further answering, the respondent states that the grounds raised in the motion for new trial and for discovery were (1) ineffective assistance of trial counsel; (2) failure to give a "missing witness" instruction to the jury; and (3) a request for post-trial discovery into certain employment records.

11(a)(4). Admitted.

11(a)(5-6). Left blank by the petitioner.

11(b-d). Left blank by the petitioner.

12(A-D). The respondent denies each and every allegation of fact contained in paragraphs 12(A-D) of the petition for writ of habeas corpus. To the extent that paragraphs 12(A-D) of the petition contain conclusions of law, they require no response. Further answering, the respondent states that paragraphs 12(A-D) fail to state a claim upon which relief may be granted and that the petitioner has failed to exhaust the claims stated therein.

13. The respondent admits that the claim identified in paragraph 13 of the petition was not presented to the SJC. The remaining allegations in paragraph 13 are a statement of the petitioner's reasons for failing to present to claim to the SJC, and do not require a response from the respondent.

14. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the petition for writ of habeas corpus and calls upon the petitioner to prove same.

15. Left blank by the petitioner.

16. Admitted.

17. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for writ of habeas corpus and calls upon the petitioner to prove same.

AS A FURTHER ANSWER to the petition for a writ of habeas corpus, the respondent files herewith a Supplemental Answer, which will contain copies of the following documents:

1. Docket Sheet, *Commonwealth v. Pablo Cruz*, Plymouth County Superior Court Criminal Action Nos. 1998-00919-920;

2. Defendant's Motion for New Trial with Affidavit and Memorandum in Support and Motion for Post-Trial Discovery in *Commonwealth v. Pablo Cruz*;

3. Decision on Defendant's Motion for New Trial with Affidavit and Memorandum in Support and Motion for Post-Trial Discovery in *Commonwealth v. Pablo Cruz*;

4. Brief and Appendix for the Defendant on Appeal from the Denial of his Motion for a New Trial, *Commonwealth v. Pablo Cruz*, Appeals Court Docket No. 2003-

P-959;

5. Brief for the Commonwealth on Appeal from an Order of the Superior Court Department of the Trial Department, *Commonwealth v. Pablo Cruz*, Appeals Court Docket No. 2003-P-959;

6. *Commonwealth v. Pablo Cruz*, 62 Mass. App. Ct. 1109 (2004)(table);

7. Application for Further Appellate Review from an Order and Judgment of the Massachusetts Superior Court, SJC No. ____;

8. *Commonwealth v. Pablo Cruz*, 443 Mass. 1101 (2004)(table).

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The petition fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The petition should be dismissed since it contains claims which were not presented to the Massachusetts Supreme Judicial Court, and which were, therefore, not exhausted in the state court.

Respectfully submitted,

Luis Spencer,

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

*Maura D. McLaughlin*
Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau, Appellate Division
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: March 21, 2005

## Certificate of Service

I hereby certify that on March 21, 2005, I caused a true and accurate copy of the above document to be served via first class mail, postage prepaid, upon Pablo Cruz, petitioner *pro se*, MCI Norfolk, 2 Clark Street, Norfolk, Massachusetts 02056.

*Maura D. McLaughlin*
Maura D. McLaughlin