United States District Court
District of Massachusetts

```
_____
                              )
PABLO CRUZ,                   )
                              )
        Petitioner,           )
                              )    Civil Action No.
     v.                       )    05-10133-NMG
                              )
LUIS SPENCER,                 )
                              )
        Respondent.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 arises out of the petitioner's state convictions on two counts of cocaine trafficking. The petitioner has asserted four grounds for relief and has filed an affidavit in which he concedes that the second ground (ineffective assistance of appellate counsel) has not been exhausted in state court. The parties agree that a petition containing both exhausted and unexhausted claims, often called a "mixed petition", may not be granted but they disagree on the appropriate remedy for such a filing. Respondent moves that the petition be dismissed and petitioner moves for a stay while he exhausts his state remedies.

The law governing mixed petitions has evolved. Until the mid 1990s, Rose v. Lundy, 455 U.S. 509 (1982) had required that mixed petitions be dismissed without prejudice. The landscape

-1-

changed in 1996 when Congress enacted the Antiterrorism and Effective Death Penalty Act which put a one-year statute of limitations on habeas petitions. 28 U.S.C. § 2244(d). The short limitations period meant that any delay by a district court in considering a habeas petition would result in dismissal occurring after the statute had run, effectively denying the petitioner any federal review. Rhines v. Weber, 125 S.Ct. 1528, 1533 (2005).

In response, a "stay and abeyance" procedure was developed whereby a court faced with a mixed petition had the option to:

> stay the petition and hold it in abeyance while the petitioner return[ed] to state court to exhaust his previously unexhausted claims. Once the petitioner exhaust[ed] his state remedies, the district court [would] lift the stay and allow petitioner to proceed . . . .

Id. at 1534. That procedure gained acceptance in the First Circuit and this District. Neverson v. Farquharson, 366 F.3d 32, 42-43 (1st Cir. 2004)(endorsing stay and abeyance procedure); Gaskins v. Duval, 336 F.Supp.2d 66, 68 (D.Mass. 2004)(same).

On March 30, 2005, however, the Supreme Court limited the use of the stay and abeyance procedure. Rhines v. Weber, 125 S.Ct. at 1535. Under Rhines, the procedure may be used only if there is "good cause" for the failure to exhaust and the unexhausted claim is not "plainly meritless". Id.

Rhines has thrown this case into an awkward posture. Because the petitioner moved for a stay before Rhines was announced, he did not argue that there was good cause for his

failure to exhaust his claim in state court or that his unexhausted claim has merit. He will now have an opportunity to do so.

### ORDER

In accordance with the foregoing, the petitioner may, within thirty (30) days of the date of this Order, file a memorandum addressing whether he is entitled to a stay of this case in light of <u>Rhines</u> v. <u>Weber</u>, 125 S.Ct. 1528 (2005). The respondent may file a response within 14 days thereafter.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated July 6, 2005