UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Cruz v. Spencer,

No. 05-10133-NMG

PETITIONER'S MEMORANDUM OF LAW
IN SUPPORT
SHOWING HE IS ENTITLED TO STAY
AND ABEYANCE

## Statement Of The Case

After filing a Petition For A Writ Of Habeas Corpus
under 28 USC § 2254, the petitioner filed a motion to
stay the proceedings in the District Court. On 7/6/05
the Court, Gorton, D.J., issued an order for the petitioner
to create a Memorandum of Law why a stay should issue.

## Statement Of The Facts

The facts may be found in the petitioner's petition
for a writ of habeas corpus and in the motion and affidavit
to stay the proceedings. Also: see exhibit 1.

## Legal Argument

The District Court has the Authority to issue a Stay base
on the exhaustion of REMEDIES IN THE State Court. 28 USC §
2254 (b)(1)(a◊.
See Rhines v Weber --US--125 SCt 1528 (2005).

There are two concepts involved:

Reduce delay in the execution of sentences (finality) and
the State prior to adjudication in the Federal Foum.

There is a third consideration for issuing the Stay      the merits the claim.

Here, the petitioner is currently in the Appeals Court with his criminal Appeal of the motion for New Trial ( Exhibit 1, ) and there is no indication the petitioner has attempted to cause any delay in the proceeding.

In Rhines, the Court, O'Connor,held in such circumstances,the district Court Showed Stay where his petitionehas merit and there is no indication he is involved in intentional dilatory tactic.

It has been held in various Courts that the District Court has the power to control its own docket and therefore has broad discretion to Stay proceeding. Clinton v Jones 520 US 681 ( 1997)

In a first Circuit case on arbitration decided by the Court at bar herein it was held " Even without explicit Statutory authori+ ty to do so, a Court, in its sound discretion,may Stay any case pending before it as an exrcise of its inherent power to control its own docket" Bowlby v Carter MFG. Corp. 138 F.Supp 2d 182,188 ( 2001 ).

## CONCLUSION

For the reason stated above, in fact and Law,this Honorable Court should allow the petitioners motion to Stay intil the Commonwealth Rules on petitioner's motion for New Trial ( Appeal)

Date: 7/21/05

Respectfully Submitted

Pablo Cruz
Box 43
Norfolk, MA, 02056

I,Pablo Cruz, hereby certify that I mailed a true copy of the above Memorandum to Maura D. Mclauglin,Assistant Attorney General One Bullfinch Place, BOSTON MA 02114

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH SS.                          APPEALS COURT

NO. 05-P-0452

---

Commonwealth of Massachusetts, Appellee

-v-

Pablo Cruz, Appellant

---

**APPELLATE BRIEF**

---

Submitted By:

Pablo Cruz
Box 43,
Norfolk, MA 02056

May 2, 2005

TABLE OF CONTENTS

Table of Authorities-----------------------------ii,iii

Issue Presented On Appeal------------------------iv

Appeal Brief-------------------------------------1-16

Conclusion---------------------------------------16

Record Appendix----------------------------------1-12

## TABLE OF AUTHORITIES

Citation:                                        Page No.

Com., v. Bergstrom, 402 Mass. 534 (1988)...........10

Com., v. Buckley, 410 Mass. 209 (1991).............10

Com. v. Cruz, 54 Mass.App.Ct. 1112 (2002)..........2,5

Com. v. Cruz, 62 Mass.App.Ct. 1109 (2004)..........2

Com. v. Latimore, 378 Mass. 671 (1979).............5

Com., v. Marrone, 387 Mass. 702 (1982).............8

Com. v. Tanso, 411 Mass. 640 (1992)................12

Com., v. Villella, 39 Mass.App.Ct. 426 (1995)......6

Dejoinville v. Com., 381 Mass. 246 (1980)..........8


Baird v. Eisenstadt, 429 F.2d 1398 (1970)..........13


Beard v. Banks, --US--, 124 S.Ct. 2504 (2004)......15

Caspari v. Bohlen, 510 US 383 (1994)...............15

Crawford v. Washington, --US--, 124 S.Ct. 1354
(2004)................................................1,6,14

Dutton v. Evans, 400 US 74 (1970)..................7

Mattox v. U.S., 156 US 237 (1895)..................11

Teague v. Lane, 489 US 288 (1989)..................9

White v. Illinois, 502 US 346 (1992)...............10

Williams v. Taylor, 529 US 362 (2000)..............9

TABLE OF AUTHORITIES, CONT'

Citation:                                    Page No.

Wright v. West, 505 US 277 (1992)..................14

People v. Rogers, 780 NYS 2d. 393 (2004)...........12

G.L. c. 22C §39....................................3,6

G.L. c. 94C §31....................................4

G.L. c. 94C §47A...................................1,3,6

G.L. c. 111 §13....................................3,6

iii

## ISSUE PRESENTED ON APPEAL

WHETHER THE DEFENDANT SHOULD HAVE BEEN ALLOWED
TO CONFRONT THE CHEMIST/ANALYST WHO SWORE UNDER
OATH AS TO THE QUALITY AND QUANTITY OF THE DRUGS
SEIZED BY POLICE?

Argument..............................................pp. 6-16

iv

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH SS.                                      APPEALS COURT

                                                  No. 05-P-0452

Commonwealth of Massachusetts

-v-

Pablo Cruz

### APPELLATE BRIEF

### Statement Of The Case

This is an appeal from a judgment of the Plymouth
Superior Court, Brady, J., who denied the defendant's
motion for new trial, and, on March 17, 2005 issued a
MEMORANDUM OF DECISION ON DEFENDANT'S (SECOND) MOTION
FOR NEW TRIAL, not on waiver but that the holding in
Crawford v. Washington, --US--, 124 S.Ct. 1354 (2004)
"does not apply retroactively and thus does not assist
the defendant here."

The appellant-defendant filed a timely notice of
appeal and is now before this Honorable Court on the
issue of whether the defendant has a Constitutional right
to confront the Chemist/Analyst on the veracity of the
Certificate of Analysis under G.L. 94C §47A.

Com. v. Cruz,           Appeal                    -2-

## Statement Of Facts

On May 8, 1998, a Plymouth County Grand Jury indicted
the defendant on one count of Trafficking in 28 grams
or more of Cocaine, in violation of G.L. 94C §32E(b)(2)
and one count of Trafficking in Cocaine, 200 grams or
more in violation of G.L. c. 94C §32E(b)(4). See:
docket sheets in **Commonwealth v. Pablo Cruz**, PLCR98-00919-
00920, tried in front of Brady, J., where the defendant
was convicted on both counts and sentenced to 15 years
in prison total, both sentences concurrent.

Appeal from this conviction was taken October 1999.
Appeals Court affirmed in **Commonwealth v. Cruz**, 54 Mass.
App.Ct. 1112 (2002)

The defendant filed a motion for a new trial and
for post-conviction discovery in May 2003. The motion
was denied and the Appeals Court affirmed the denial.
**Commonwealth v. Cruz**, 62 Mass.App.Ct. 1109 (2004)

It is noteworthy that the original Direct Appeal
proffered by appointed counsel, David W. Krumsiek, did
raise an issue on the Certificates of Analysis, that

Com. v. Cruz,             Appeal                      -3-

they had not been "sworn to" by a notary.  The Appeals

Court corrected the defendant's claimed statutory authority

from G.L. c. 111 §13 to G.L. 22C §39, but it is the

defendant's claim that these two statutes were combined

under the Department of Public Safety in 1996 to make

G.L. c. 94C §47A.

In early 1998, State Troopers from the Attorney

General's Office were conducting an "undercover" narcotics

investigation in Brockton, Massachusetts.  The defendant

is alleged to have sold drugs to the trooper Jaime Cepero.

Similar "buys" were conducted on January 30, 1998 and on

February 27, 1998.  On January 30, 1998, Trooper Cepero

went to the home of an informant (CI) who lived on

Pleasant Street in Brockton.  The purpose of Cepero's visit

to CI was to make the purchase of drugs from the defendant.

CI made a phone call and received a phone call back.

A few minutes later, the defendant arrived at CI's home.

After the defendant arrived, CI handed Cepero a small

package wrapped in aluminum foil.  Cepero inspected the

package and found it to contain cocaine of a very high

quality.

Com. v. Cruz,                    Appeal                    -4-

Cepero paid the defendant $900.00 cash for the
cocaine and defendant gave Cepero the code #99 on any
future contacts.  Cepero also gave the defendant his
pager number out of New Hampshire.

A surveillance team took the narcotics that Cepero
had purchased and later submitted them to the State
Police Laboratory for analysis.

At trial, the Commonwealth introduced the bag of
cocaine purchased by Cepero and the Certificate of Analysis.
(COA)  The COA indicated that the powder in the bag
was found to containe 80% cocaine, a derivative of coca
leaves and a Class B substance, as defined under Chapter
94C §31 of the Massachusetts General Laws. [TT. 1:187]
The COA also indicated the weight to be 30.62 grams.

On February 27, 1998, Cepero purchased another amount
of cocaine from the defendant in the amount of 462 grams
for around $12,000.00.  At that time, Cepero and CI were
accompanied by Trooper Alejandro who had brought the
money.  The defendant was in jail, indicted, and tried on
the larger amount as well.

Com. v. Cruz,                    Appeal                        -5-

At trial, the Commonwealth introduced as evidence
5 packets of cocaine  purchased from the defendant, along
with a Certificate of Analysis.  The COA indicated that
the rock powder in the bags "was found to contain 29 per
cent cocaine, a derivative of coca leaves and a Class B
substance, as defined under Chapter 94C, section 31 of
the [Massachusetts] General Laws ...the cocaine was
present in its free base for commonly referred to as crack."
The COA also indicated that the five bags of "off-white
powder" cocaine weighed 456.97 grams. [TT. 1:220]

Defendant pleaded not guilty to all of the charges
and testified to an alibi, i.e., that he was at his job
at BFI for the perior in question.

These facts are presented in the light most favorable
to the Commonwealth. **Commonwealth v. Latimore**, 378 Mass.
671 (1979)  It should be noted here, by way of fact, that
the Appeals Court in **Commonwealth v. Pablo Cruz** 54 Mass.
App.Ct. 1112 (2002) found "Both certificates contain
the notary public signature and the representation that
they were sworn and subscribed to before me."  The Appeals
Court called the COAs "affirmations."

Com. v. Cruz,                    Appeal                    -6-

## Legal Argument

> ISSUE#1: THE DEFENDANT WAS NOT ALLOWED
> TO CONFRONT THE CHEMIST/ANALYST WHO
> SWORE UNDER OATH AS TO THE QUALITY AND
> QUANTITY OF THE DRUGS SEIZED BY POLICE

The Certificates of Analysis were introduced at the
defendant's trial to authenticate the amount and quality
of Cocaine involved in this case.  The introduction of this
evidence shows the analysts affirmed under oath about the
weight and percentage of cocaine found in the mixture.

By statute, these documents are sworn to as being
authentic either before a Justice Of The Peace or a Notary
Public.  G.·. c. 94C §47A appears to have superceded G.L.
c. 111 §13 and G.L. c. 22C §39.  The certificate(s)

> "Shall be prima-facie evidence of the
> composition and quality of such con-
> trolled substances of narcotic drugs
> when introduced as evidence before a
> grand jury or any court proceeding
> in the Commonwealth."  **Id.**

See: **Commonwealth v. Villella**, 39 Mass.App.Ct. 426, 430
(1995)

In 2004 the United States Supreme Court decided
**Crawford v. Washington**, --US--, 124 S.Ct. 1354 (2004)

Com. v. Cruz,              Appeal                      -7-

which revisited the legal landscape regarding the

confrontation of witnesses who made "out of court

statements, characterized by the Court as a core class

of "testimonial" statements such as "ex parte in-court

testimony or its functional equivalent – that is material

such as affidavits, custodial examinations, prior testi-

mony that the defendant was unable to cross-examine, or

similar pretrial statements that declarants would reasonably

expect to be used prosecutorially."  **Id.**, 1364

    Justice Scalia stated in **Crawford**:

> [W]e once again reject the view that the
> Confrontation Clause applies of its own
> force only to in-court testimony, and that
> its application to out-of-court statements
> introduced at trial depends upon "the law
> of Evidence for the time being." 3 Wigmore
> §1397 at 101; accord, **Dutton v. Evans**, 400
> U.S. 74, 94, 91 S.Ct. $\overline{210}$, $\overline{27}$ L.E.D. 2d
> 213 (1970)(Harlan, J., concurring in result).
> Leaving the regulation of out-of-court
> statements to the law of evidence would
> render the Confrontation Clause powerless to
> prevent even the most flagrant inquisi-
> torial practices.  Raleigh was, after all,
> perfectly free to confront those who read
> Cobham's confession in court. **Id.**, 1364.

    The framers of the 6th Amendment surely wished to

safeguard those common law rights they possessed in 1791,

as a foundation for fairness.  They were reacting to

Com. v. Cruz,                    Appeal                        -8-

and wanted to get rid of prior laws by which the govern-
ment would prescribe by statute instruments that the
government could use to gather evidence ex parte, "certify
the results" and then use it against individuals. **Id.**, 1360.

   The Certificate of Analysis created by statute
in the Commonwealth and used by the prosecutor to determine
the weight and quality of drugs is no different.  And,
that weight determines the defendant's sentence as well.

   The trial Court, Brady, J., denied the defendant's
motion because "Crawford does not apply retroactively..."
[MEMORANDUM OF DECISION ON DEFENDANT'S (SECOND) MOTION FOR
NEW TRIAL, p. 1]

   This was an abuse of discretion by the Court, coupled
with the fact the defense of miscalculation on the quality
and quantity of the drugs involved was not available to
the defendant in the constitutional sense based on the
statutory construction of the COA law(s).  See: **DeJoinville
v. Commonwealth**, 381 Mass. 246 (1980) (Built-in excuse on
failure to raise the issue in the ordinary course.)  See
also: **Commonwealth v. Marrone**, 387 Mass. 702 (1982)(The
offending statute may be struck, and keep the remainder.)

Com. v. Cruz,                    Appeal                              -9-

On the issue of retroactivity, surrounded by Federal
Law, the "threshold question" is whether the defendant
seeks to apply a rule of law that was "clearly established"
at the time his trial took place. **Williams v. Taylor,**
529 US 362, 403 (2000) This principle, as stated in
**Williams,** "bears only a slight connection" to the non-
retroactivity paradigm put forth in **Teague v. Lane,** 489 US
288 (1989), and those cases which ensued from **Teague,**
except to the extent that "whatever would qualify as an old
rule under our **Teague** line of cases will constitute 'clearly
established Federal law, as determined by the Supreme Court
of the United States.'" **Williams,** 412.

The US Supreme Court has not found it easy in deciding
whether a rule is "old" or "new" for retroactivity purposes.
A "new" rule is one which "breaks new ground or imposes a
new obligation on the States or Federal Government." **Id.**

The trial Court, Brady, J., stated that the
**Crawford** supra, decision does not apply retroactively...
That would be true, because it is not a "new" rule. It
is clearly established old State and Federal law.

Com. v. Cruz,                    Appeal                    -10-

The defendant is guaranteed by Article XII of the
Massachusetts Declaration of Rights to meet the witnesses
against him "face to face." **Commonwealth v. Buckley**,
410 Mass. 209, 221 (1991)  Article 12's right of confron-
tation prevents the prosecution from presenting "witnesses"
who "testify" outside the physical presence of the defen-
dant and the jury. **Commonwealth v. Bergstrom**, 402 Mass.
534 (1988)

On the Federal level, the 6th Amendment of the
United States Constitution's Confrontation Clause is
explained somewhat 12 years ago in **White v. Illinois**,
502 US 346 (1992) by Justice Thomas who provided background
for the **Crawford** decision in 2004.

In discussing what is a "witness," in terms of the
6th Amendment, the Court stated the noun "witness" – in
1791 as today – could mean either a) one 'who knows or
sees anything; one personally present' or b) 'one who
gives testimony' or who 'testifies' i.e., [I]n judicial
proceedings, [one who] make[s] a solemn declaration under
oath, for the purpose of establishing or making proof of

Com. v. Cruz,                    Appeal                    -11-

some fact to a court' 2 N.Webster An American Dictionary
Of The English Language (1828)

The Court [quoted] **Mattox v. United States**, 156 US 237,
242 (1895):

"The primary purpose of the [Confrontation Clause]
was to prevent depositions or ex parte affidavits, such as
were sometimes admitted in civil cases, being used against
a prisoner in lieu of a personal examination and cross-
examination of the witness..."  **Id.**

This would preclude "trial by affidavit" **White**, 362.,
thereby making the reliability of the Certificates of
Analysis a due process of law issue.  The **White** Court also
found that the Confrontation Clause speaks to the "witnesses
against him."  Who could be more "against" him than the
Chemist/Analyst who controls the length of his sentence,
which is mandatory.  Whether it's a difference of 199 grams
or 200 grams is a matter of 5 years in prison.

Justice Thomas in **White**, spoke of "depositions." **Id.**,
365.  Certainly the chemist/analyst's "sworn-to" certificate
is presented in the spirit and sense of a deposition.

• The trial Court, Brady, J., held that "the substance
of such certificates are rarely in issue, and it would be
highly inconvenient and inefficient to require the presence
of the chemist in every drug prosecution in the Commonwealth."

   This decision is a decision which is contrary to and
an unreasonable application of clearly established state
and federal law.   The Supreme Judicial Court and the US
Supreme Court are unanimous in their agreement that the
right of confrontation and cross-examination is an essential
and fundamental requirement for the kind of fair trial which
is is this state and the country's constitutional goal.
Commonwealth v. Tanso, 411 Mass. 640, 650 (1992)

   Certificates of Analysis, whether they are produced
under G.L. c. 111 §13, G.L. c. 22C §39, or G.L. c. 94C §47A,
are essentially and primarily affidavits.   In People v.
Rogers, 780 NYS 2d 393, 396 (NY A.D. 3 Dept. 2004) [cited as]
8 AD 3d 888, the New York Appellate Court held that
admitting the report of a victim's blood alcohol level,
requested by the government and used towards the element
of consent in a rape case, violated the 6th Amendment,
and citing Crawford v. Washington, supra, the Court stated:

Com. v. Cruz,                    Appeal                        -13-

> "Documents prepard for litigations lack the
> indicia of reliability necessary to invoke
> the business records exception to the hearsay
> rule....because the test was initiated by
> the prosecution and generated by the desire
> to discover evidence against the defendant, the
> results were testimonial."

By statute, the chemist/analyst makes a "solemn
declaration under oath" **White**, supra, which has been
decreed to be "prima facie" evidence which is evidence
[sufficient to establish a fact or raise a presumption
unless disporived or rebutted.] **Black's Law Dictionary**,
8th Ed. 2004.

As stated in his Superior Court Memorandum of Law,
Whether the COA falls under a "firmly rooted hearsay
exception" or bears "particularized guarantees of trust-
worthiness" depends on whether the 6th Amendment or Art.
XII of the Mass. Declaration Of Rights **trumps** the statute
and its Legislative intent.   That intent may be governed
by G.L. c. 94C §48 which appears to be a "severability"
clause which saves the rest of the statute, not in conflict
with the state or federal Constitution.

See: **Baird v. Eisenstadt**, 429 F.2d 1398 (1970)

Com., v. Cruz,                    Appeal                    -14-

To answer the defendant-appellant's question
of whether he had a constitutional right to confront the
chemist/analyst during his trial, and because **Crawford v.
Washington**, --US--, 124 S.Ct. 1354 (2004) relies on US
Supreme Court precedent that predates the defendant's state
trial, it can be applied to overturn his conviction.

This question of retroactivity posited by the trial
Court, Brady, J., is answered by the question of whether
a rule is old or new requires Courts to make an independent view
of each case.  **Wright v. West**, 505 US 277, 305 (1992)
[O'Connor, J., concurring in judgment)  In accord with
the Federal rule for collateral relief, both federal and
state courts may rely on the precedents of the Supreme Court
in conducting that view.

**Teague** outlines a 3-step analysis for determining whether
the "nonretroactivity" principle prevents a collateral
movant's reliance on a particular rule.  1st, the reviewing
Court must determine when the defendant's conviction became
final.  2nd, the Court must survey the legal landscape to
determine whether or not the case in question announced a
rule of constitutional law.  3rd, if it is determined that
the case did announce a new rule, the reviewing Court must

Com. v. Cruz,               Appeal                    -15-

consider whether it fits into one of the two exceptions
to nonretroactivity. **Caspari v. Bohlen**, 510 US 383, 390
(1994)

There is no dispute that in this case that the
final adjudication of the defendant's conviction predates
**Crawford**. The two exceptions to **Teague**'s new rule bar are
not applicable here. Thus, for purposes of this appeal,
this Honorable Court need only focus on Step 2, i.e.,
reviewing the legal landscape to determine whether the 6th
amendment has <u>always</u> required unavailability <u>and</u> a prior
opportunity for cross-examination when the admissibility of
testimonial evidence is at issue. **Beard v. Banks**, --US--,
124 S.Ct. 2504, 2510 (2004)) Williams, 529 US @ 412.

In **Crawford**, the Court addressed the question of whether
the State's use of the testimonial statement of a witness who
did not testify in person and had never been subject to cross-
examination violated the Confronatation Clause. **Id.**, 1359.

This proposition, that a criminal defendant has a
constitutional right to confront his accusers, was hardly
novel during the defendant's trial.

Com. v. Cruz,                Appeal                    -16-

Stated another way, the Supreme Court cases that underlie **Crawford**, "have thus remained faithful to the Framers' understanding:  Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." **Id.**, 1369.

In sum, it must be held that **Crawford**'s application of the Confrontation Clause did not forge new ground or  otherwise impose a new obligation upon the State in announcing a defendant's constitutional right to confront his accusers, here, the chemist/analyst.  As such, **Crawford**'s holding is an old rule and should have been applied in his trial.

### Conclusion

For all of the reasons stated above in fact and law, the Court's denial of a new trial must be reversed and the case remanded to the Superior Court.

May 2, 2005                      Respectfully submitted,

                                 *Pablo Cruz*
                                 Pablo Cruz
                                 Box 43, Norfolk, MA 02056

Certificate of Service

I, Pablo Cruz, hereby swear under pains and penalties of perjury that I mailed 2 true copies of the above Appellate Brief to the District Attorney Of Plymouth County 32 Belmont Street, Brockton, MA 02403-1665 by first class mail by depositing it in the institution mailbox, postage prepaid, on May 2, 2005.



/s/ Pablo Cruz
Pablo Cruz

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH SS.                          A.C.# 05-P- 0452

---

Commonwealth of Massachusetts, Appellee

-v-

Pablo Cruz, Appellant

---

**RECORD APPENDIX**

---

Submitted By:

Pablo Cruz
Box 43,
Norfolk, MA 02056

May 2, 2005

# Table Of Contents

Notice of Appeal..................................1

Docket Entries ..................................2-9

Memorandum & Order (2002)........................10-12

Francis R. Powers                           Pablo Cruz
Clerk of the Courts                         Box 43,
Plymouth Superior Court                     Norfolk, MA 02056
72 Belmont Street
Brockton, MA 02301                          March 29, 2005


RE:  Commonwealth v. Cruz,                  No. 100919


Dear Mr. Powers:

This is to send you NOTICE OF APPEAL, pursuant to

Mass.R.App.P. 3(a), to appeal the decision of the

Court, Brady, J., who, on March 17, 2005 denied the

defendant's Motion For New Trial.


There are no transcripts in this matter.


                          Sincerely,


                          Pablo Cruz




RA 1

# SUPERIOR COURT, CRIMINAL

INDICTMENT NO. 100919

COMMONWEALTH

VS.

PABLO CRUZ a/k/a Plah
Brockton

| OFFENSE | PLACE | PRESIDING JUSTICE | COURT REPORTER |
|---|---|---|---|
| fficking in controlled substance (caine) (. 8 grams or more) | Brockton. | | |

COUNSEL FOR COMMONWEALTH

COUNSEL FOR DEFENDANT

vid Breen

J. Thomas Kerner, Boston
David W. Krumsiek, Newton

| DATE | NO. | DOCKET ENTRIES |
|---|---|---|
| 8 27 | 1 | Returned into court and ordered filed. |
| | 2 | Notice of assignment of counsel |
| | 3 | Appearance of D. Breen for the commonwealth |
| | | Pleads Not Guilty |
| | | Ordered to recognize in the sum of $500,000 CASH without prejudice |
| | | Defendant notified of bail rights under chapter 276, section 58 |
| | 4 | Special mittimus on indictment issued |
| | | Case continued to June 11, 1998 for pre-trial conference and bail hearing |
| | | (Chin,J) |
| e 8 | | Special mittimus on indictment returned with service |
| ne 11 | 5 | Pre-trial conference report filed |
| e 19 | 6 | Deft's motion for a bill of particulars |
| | 7 | Deft's motion for production of police reports |
| | 8 | Deft's motion to inspect physical evidence |
| | 9 | Deft's motion for production of statements |
| | 10 | Deft's motion for statements of co-defts |

EX B

SA0035

Ex 3

Ex B

## DOCKET ENTRIES - (CONTINUED)

| NO. | |
|---|---|
| 11 | Deft's motion to be furnished with statement of promises, rewards or inducements given to Commonwealth's witnesses |
| 12 | Deft's motion for production of exculpatory evidence |
| | Case continued to July 13,1998 by agreement for motions. |
| | (Chin,J) C. Tinkham, court reporter |
| | Case continued to August 26,1998 by agreement for motions |
| | (King,J) B. StCharles, court reporter |
| 13 | Attorney Murphy's motion to withdraw |
| 14 | Appearance of D. Asack for the defendant |
| | Case continued to September 28,1998 by agreement for pre trial conference |
| | (King,J) K. Lindelof, court reporter |
| 15 | Pre-trial conference report filed |
| | Case cont. to Nov. 3, 1998 by agreement |
| | (Doerfer, J.) B. St.Charles, court reporter |
| | Case cont. to Dec. 10, 1998 by agreement for trial assignment |
| | (Hely, J.) S. Bates, court reporter |
| | Case cont. to Jan. 19, 1999 by agreement for trial assignment |
| | (DelVecchio, J.) R. Griffin, court reporter |
| 16 | Attorney Assack's motion to withdraw |
| 17 | Attorney Assack's motion to withdraw |
| | Case cont. to March 8, 1999 by agreement for trial |
| | (Walsh, AC/M) R. griffin, court reporter |
| | Case continued to April 12, 1999 by agreement for trial |
| | (J.Walsh,AC/M) |
| | Case continued to May 25, 1999 by agreement for trial |
| | (Ball,J) S.Bates, court reporter |
| 18 | Attorney Assack's motion to withdraw |
| | Case continued to May 25, 1999 by agreement for motion |
| | (J.Walsh,AC/M) S.Bates, court reporter |
| | Case continued to May 27, 1999 for hearing RE: Counsel |
| | (Doerfer,J) S.Bates, court reporter |
| | Case cotinued to June 3, 1999 by agreement for status of counsel |
| | (Doerfer,J) S.Bates, coruc reporter |
| 19 | Defendant's motion to file motion to produce informant; allowed |
| 20 | Defendant's motion to produce informant |
| 21 | Appearance of J. Kerner for the defendant |
| | Attorney Assack's motion to withdraw; allowed.(See #16) |
| | Attorney Assack's motion to withdraw; allowed.(See #17) |
| | Attorney Assack's motion to June 59, 1999 for motions (see trial assignment) |
| | Case continued to June 23, 1999 withdrw and trial assignment |

SA0036

# SUPERIOR COURT, CRIMINAL

INDICTMENT NO.   109919

COMMONWEALTH                    VS.        PABLO CRUZ a/k/a PLAH

CONTINUATION SHEET ___2___

| DATE | NO. | DOCKET ENTRIES |
|---|---|---|
| ne_25 | 22 | Commonwealth's response to defendant's motion for leave to file motion and motion to produce confidential informant. |
| ly 6 | | Deft's motion to produce informant, after hearing, taken under advisement<br>Case continued to July 8, 1999 for trial assignment<br>(Hely, J.) |
| ly 8 | 23 | Deft's motion to produce informant, allowed (see memorandum of decision)<br>Memorandum of decision and order on motion to produce informant<br>Case continued to August 2, 1999 for trial<br>(Hely, J.) |
| ptember 7 | 24 | Deft's motion for Voir Dire with trial judge re: Informant discovery, no action taken<br>motion reserved for the trial judge.<br>(DelVecchio, J.) |
| ctober 20 | 25 | Defendant's oral motion for funds for private investigator, allowed in the amount of $500. |
| | 26 | Defendant's jury voir dire questions, filed |
| | 27 | Defendant's motion in limine: defendant's criminal record, filed |
| | 28 | Defendant's motion in limine: search of 282 Grove Street (see records for disposition) |
| | 29 | Defendant's motion in limine: Cross examination of defendant (see record for disposition) |
| | 30 | Commonwealth's opposition to the defendant's motion in limine: search of 282 Grove Street, filed<br>Jury of 15 members impanelled<br>Defendant's oral motion for mistrial, denied<br>(Brady,J.) |
| ctober 21 | 31 | Defendant's motion to pay investigator, filed and allowed in the amount of $500. defendant's oral motion allowed previously on October 20, 1999<br>Defendant's oral motion for required finding of not guilty, denied<br>Defendant's oral motion for mistrial, denied<br>(Brady,J.) R. Griffin, court reporter |
| ctober. 22 | 32 | Verdict of Guilty. |
| | 33 | Sentenced to 5 years and 1 day M.C.I. Cedar Junction concurrent with<br>sentenced imposed on 100920 (415 days credit)<br>Clerk's written statement under S.C. Rule 65<br>Defendant notified of right to appeal case<br>Defendant notified of right to appeal sentence within 10 days |
| | 34 | Warrant for commitment<br>Abstract sent to Registry of Motor Vehicle<br>(Brady,J.) R. Griffin, court reporter |
| ctober 26 | 36 | Deft's notice of appeal filed |
| | 37 | Motion of counsel to withdraw |

EX B

RRS

| DATE | NO. | DOCKET ENTRIES - (CONTINUED) |
|---|---|---|
| October 26 | 38 | Notice to Justice, DA and counsel of notice of appeal |
| " " | 39 | Clerks certificate that transcript has been ordered from R. Griffin |
| October 26 | | Attorney Kerner's motion for leave to withdraw. Allowed, refer to CPCS for appointment of Appellate Counsel (See |
| " " | 40 | Notice of assignment of counsel (Brady,J.) |
| October 8 | 41 | Defendant's pro-se notice of appeal from sentence to MCI Cedar Junction |
| November 1 | 42 | Notice to Administrative Justice. Justice. Clerk of the Appellate Division and counsel of defendant's pro-se notice of appeal from sentence to MCI Cedar Junction |
| December 9 | 43 | Notice=assignment of counsel CPCS |
| December 20 | 44 | Appearance of D. Krumsiek for the defendant |
| 2000 | | |
| May 18 | 45 | Transcript (3 volumes) received from R. Griffin |
| June 1 | | Notice to D.A. and counsel that transcript is available (3 volumes) |
| June 6 | 46 | Clerk's certificate that defense counsel has received copy of transcript (3 volumes) |
| June 15 | 47 | Clerk's certificate that District Attorney has received copy of transcript (3 volumes) |
| June 20 | 48 | Defendant's pro se motion for return of property |
| June 30 | | Defendant's pro se motion for return of property, the Commonwealth may have until July 24, 2000 to respond. Refer to First Session Judge (Brady J.) |
| July 10 | 49 | Record on appeal transmitted to Appeals Court |
| | 50 | Notice to District Attorney and counsel that record on appeal has been transmitted to Appeals Court |
| July 14 | 51 | ORDER (APPELLATE DIVISION): Appeal withdrawn |
| July 21 | 52 | Defendant's pro se motion to compel production of bank records |
| July 24 | 53 | Notice to Justice, District Attorney and defendant of defendant's pro se motion to compel bank records |
| July 24 | 54 | Commonwealth's opposition to defendant's motion for return of property |
| October 10 | 55 | Defendant's pro se motion for the return of certain articles seized by police denied without prejudice. defendant may renew the motion when the appellate process is concluded. (filed with Judge Brady). |
| | 56 | Defendant's pro se motion for the return of currency in the amount of eight thousand one hundred and twenty dollars denied without prejudice. Defendant may renew motion when the appellate process is concluded (filed with Judge Brady.) (Brady J.) |
| November 9 | 57 | Defendant's pro se motion for discovery |
| November 15 | | Defendant's pro se motion for discovery denied, defendant is represented by counsel (Brady J.) |

EX B

# SUPERIOR COURT, CRIMINAL

INDICTMENT NO. 100920

COMM DNWEALTH

VS.     PABLO CRUZ a/k/a Plah
Brockton

| OFFENSE | PLACE | PRESIDING JUSTICE | COURT REPORTER |
|---|---|---|---|
| Trafficking in controlled substance Cocaine (200 grams or more) | Brockton | | |

COUNSEL FOR COMMONWEALTH

COUNSEL FOR DEFENDANT

David B____gen

J. T. Kerner, Boston
David W. Krumsiek, Newton

| 1998 DAT | NO. | DOCKET ENTRIES |
|---|---|---|
| May 8 | 1 | Returned into court and ordered filed. |
| May | | Notice of assignment of counsel. (See 100919) |
| | | Pleads Not Guilty |
| | | Ordered to recognize personally in the sum of $100; did so recognize |
| | | Defendant notified of bail rights under chapter 276, section 58 |
| | | Case continued to June 11, 1998 for pre-trial conference and bail hearing |
| | | (Chin,J) |
| June | 11 | Pre-trial conference report filed (See 100919) |
| June | | Deft's motion for a bill of particulars (see 100919) |
| | | Deft's motion for production of police reports (see 100919) |
| | | Deft's motion to inspect physical evidence (see 100919) |
| | | Deft's motion for production of statements (see 100919) |
| | | Deft's motion for statements of co-defts' (see 100919) |
| | | Deft's motion to be furnished with statements of promises, rewards or inducements given to Commonwealth's |
| | | witnesses (see 100919) |
| | | Deft's motion for production of exculpatory evidence (see 100919) |

EX B

SA0039

QA-1

EX B

## DOCKET ENTRIES - (CONTINUED)

| DATE | NO. | DOCKET ENTRIES - (CONTINUED) |
|------|-----|------------------------------|
| July 1 | | Case continued to July 13, 1998 by agreement for motions (Chin,J.) C. Tinkham, court reporter |
| August 1 | | Case continued to August 26, 1998 by agreement for motions (King,J.) B. St.Charles, court reporter |
| August 2 | | Case continued to September 28, 1998 by agreement for pre trial conference (King,J) K. Lindelof, court reporter |
| September 28 | | Pre-trial conference report filed (see 100919) Case cont. to Nov. 3, 1998 by agreement (Doerfer, J.) B. St. Charles, court reporter |
| November 3 | | Case cont. to Dec. 10, 1998 by agreement for trial assignment (Hely, J.) S. Bates, court reporter |
| December 10 | | Case cont. to Jan. 19, 1999 by agreement for trial assignment (DelVecchio, J.) R. Griffin, court reporter |
| 1999 January 19 | | Case cont. to March 8, 1999 by agreement for trial (Walsh, AC/M) R. Griffin, court reporter |
| March 8 | | Case continued to April 12, 1999 by agreement for trial (J.Walsh,AC/M) |
| April 12 | | Case continued to May 25, 1999 by agreement for trial (Ball,J) S.Bates, court reporter |
| May 0 | | Case continued to May 25, 1999 by agreement for motion (J.Walsh,AC/M) S.Bates, court reporter |
| May 2 | | CAse continued to May 27, 1999 for hearing RE: Counsel (Doerfer,J) S.Bates, court reporter |
| May 2 | | Case cotinued to June 3, 1999 by agreement for status of counsel (Doerfer,J) S.Bates, corut reporter |
| June 3 | | Defendant's motion to file motion to produce informant; allowed (See 100919) Defendant's motion to produce informant (See 100919) Case continued to June 23, 1999 for motions and trial assignment (Doerfer,J) S.Bates, court reporter |
| June 25 | | Commonwealth's response to defendant's motion for leave to file motion and motion to produce confidential informant. (see 100919) |
| July 6 | | Deft's motion to produce informant, after hearing, taken under advisement Case continued to July 8, 1999 for trial assignment (Hely, J.) |
| July 8 | | Deft's motion to produce informant, allowed (see memorandum of decision) Memorandum of decision and order on motion to produce informant (see # 100919) Case continued to August 2, 1999 for trial (Hely, J.) |

SA0040

INDICTMENT NO.   100920

# SUPERIOR COURT, CRIMINAL

COMMONWEALTH VS. PABLO CRUZ aka PLAH

Brockton

CONTINUATION SHEET ___2___

| DATE | NO. | DOCKET ENTRIES |
|---|---|---|
| tember 7 | | Deft's motion for Voir Dire with trial judge re: Informant discovery, no action taken |
| ober 20 | | motion reserved for the trial Judge (see 100919). |
| | | Defendant's oral motion for funds for private investigator, allowed |
| | | Defendant's jury voir dire questions, filed (see 100919) |
| | | Defendant's motion in limine; defendant's criminal record, filed (see 100919) |
| | | Defendant's motion in limine, search of 282 Grove Street (see records for disposition) (see 100919). |
| | | Defendant's motion in limine: Cross examination of defendant (see record for disposition) (see 100919) |
| | | Commonwealth's opposition to the defendant's motion in limine, search of 282 Grove Street, filed (see 100919 |
| | | Jury of 15 members impanelled (see 100919) |
| | | Defendant's oral motion for mistrial, denied |
| | | (Brady,J.) |
| ober 21 | | Defendant's motion to pay investigator, filed and allowed in the amount of $500, defendant's oral |
| | | motion allowed previously on October 20, 1999 (see 100919) |
| | | Defendant's oral motion for required findings of not guilty, denied |
| | | Defendant's oral motion for mistrial, denied |
| | | (Brady, J.) R. Griffin, court reporter |
| ober 22 | | Verdict of Guilty |
| | | Sentenced to 15 years to 15 years and 1 day M.C.I. Cedar Junction (415 days credit) |
| | | $60 Victim Witness Fee |
| | | $150 Drug Assessment Fee |
| | | Clerk's written statement under S.C. Rule 65 (see 100919) |
| | | Defendant's notified of right to appeal (see 100919) |
| | | Defendant notified of right to appeal, sentence within 10 days |
| | 3 | Warrant for commitment (with order for assessments) |
| | 4 | Abstract sent to Registry of Motor Vehicles |
| | | (Brady, J.) R. Griffin, court reporter |
| ober 26 | | Deft's notice of appeal filed (See 100919) |
| | | Motion of counsel to withdraw (See 100919) |
| . 26 | | Notice to Justice, D.A. and counsel of notice eof appeal (See 100919) |
| ober 26 | | Clerks certificate that transcript has been ordered from R. Griffin (See 100919) |
| | | Attorney Kerner's motion for leave to withdrawl Allowed, refer to CPCS for appontment of Appellate |
| | | Counsel (See 100919) |
| | | Notice of assignmeth of counsel (See 100919) |
| | | (Brady,J) |
| ober 28 | | Defendant's pro-se notice of appeal from sentence to MCI Cedar Junction (See 100919) |
| mber 1 | | Notice to Administrative Justice, Justice, Clerk of the Appellate Division and counsel of defendant's |
| | | pro-se notice of appeal from sentence to MCI Cedar Junction(See 100919) |

EX B

SA0041

| DATE | NO. | DOCKET ENTRIES - (CONTINUED) |
|---|---|---|
| 1999 | | |
| cember 9 | | Notice of assignment of counsel (CPCS) (see 100919) |
| 2000 | | |
| bruary 2 | 5 | Victim witness fee paid |
| | 6 | Drug assessment fee paid |
| 2000 | | |
| ay 18 | | Transcript (3 volumes) received from R. Griffin |
| | | Notice to D.A. and counsel that transcript is available (3 volumes) (See 100919) |
| ine 1 | | Clerk's certificate that District Attorney has received copy of transcript (3 volumes) (see 100919) |
| une 15 | | Defendant's pro se motion for return of property (see 100919) |
| une 29 | | Defendant's pro se motion for return of property, the Commonwealth may have until July 24, 2000 to |
| une 30 | | respond. Refer to the First Session Judge (see 100919) |
| | | (Brady J.) |
| | | Record on appeal transmitted to Appeals Court (see 100919) |
| uly 10 | | Notice to District Attorney and counsel that record on appeal has been transmitted to Appeals Court |
| | | (see 100919) |
| | | ORDER (APPELLATE DIVISION): Appeal withdrawn (see 100919) |
| uly 14 | | Defendant's pro se motion to compel production of bank records (see 100919) |
| uly 21 | | Notice to Justice, District Attorney and defendant of defendant's pro se motion to compel blank records |
| uly 24 | | (see 100919) |
| uly 24 | | Commonwealth's opposition to the defendant's motion for return of property (see 100919) |
| ctober 30 | | Defendant's pro se motion for the return of certain articles seized by police denied without prejudice |
| | | defendant may renew the motion when the appellate process is concluded (Filed with Judge Brady) (100919) |
| | | Defendant's pro se motion for the return of currency in the amount of eight thousand one hundred and |
| | | twenty dollars deneid without prejudice. Defendant may renew motion when the appellate process is |
| | | concluded (filed with Judge Brady) (see 100919) |
| | | (Brady J.) |
| vember 9 | | Defendant's pro se motion for discovery (see 100919) |
| vember 15 | | Defendant's pro se motion for discovery denied, defendant is represented by counsel (see 100919) |
| | | (Brady J.) |

Ex B

54 Mass.App.Ct. 1112, 766 N.E.2d 128 (Table), 2002 WL 563667 (Mass.App.Ct.)
**Unpublished Disposition**
NOTICE: THIS IS AN UNPUBLISHED OPINION.

Appeals Court of Massachusetts.
COMMONWEALTH
v.
Pablo CRUZ.
No. 00-P-1150.
April 16, 2002.

By the Court (JACOBS, KANTROWITZ, & KAFKER, JJ.).

### MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

**\*\*\*1** After a jury trial in the Plymouth Superior Court, the defendant was convicted on indictments charging trafficking in cocaine in an amount over twenty-eight grams and trafficking in cocaine in an amount over two hundred grams. On appeal, the defendant claims as error (1) the admission of two certificates of analysis that he contends were not properly "sworn to," (2) the denial of his motion for a required finding of not guilty, (3) the denial of his request for a voir dire of the jury venire as to whether they had any bias or prejudice related to the use of an alias, (4) the judge's reminder at the conclusion of the government's case that a wallet had only been admitted de bene, prompting the prosecutor to elicit testimony that permitted its introduction, and (5) the denial of the defendant's motion for a mistrial because some of the cocaine he was charged with selling had changed in form. The jury could have found that on January 30, 1998, and February 27, 1998, State Trooper Cepero, working undercover, purchased from the defendant approximately thirty-one grams of cocaine and 456 grams of cocaine, respectively. The certificate of analysis for the first purchase was dated March 1, 1998, and was notarized on March 4, 1998. The certificate of analysis for the second purchase was dated March 10, 1998, and was notarized on March 12, 1998.

1. *Certificate of analysis.* The defendant claims the certificates should not have been admitted because the evidence demonstrates that the chemist did not swear to them in the presence of a notary public, contrary to statutory requirements in G.L. c. 111, § 13. We initially note that, because the analysis was done by a State police department chemist, G.L. c. 22C, § 39, and not G.L. c. 111, § 13, is applicable to this case. G.L. c. 22C, § 39, inserted by St.1991, c. 412, § 22, reads, "A certificate by a chemist of the department of the result of an analysis made by him of a drug furnished him by a member of the state police, signed and sworn to by such chemist, shall be prima facie evidence of the composition, quality and when appropriate, net weight of any mixture containing such drug." While G.L. c. 22C, § 39, states a chemist need only sign and swear to the certificate, two additional statutes are relevant. General Laws c. 4, § 6, cl. 6, states that "[w]herever any writing is required to be sworn to or acknowledged, such oath or acknowledgment shall be taken before a ... notary public, or such oath may be dispensed with if the writing required to be sworn to contains or is verified by a written declaration under the provisions of section one A of chapter two hundred and sixty-eight." General Laws c. 268, § 1A, states that "[n]o written statement required by law shall be required to be verified by oath or affirmation before a magistrate if it contains or is verified by a written declaration that it is made under the penalties of perjury ."

Reading these three statutes together, it is clear that a State police department chemist's signature can be verified either by a written declaration that it is made under the penalties of perjury or by being sworn to before a notary public. The State police in this case opted to have the certificates notarized. We therefore address the issue raised by the defendant on appeal, that is, whether the certificates should be stricken for failure to satisfy the requirement that certificates be signed "before" a notary public.

**\*\*\*2** Both certificates contain the notary public signature and the representation that they were "sworn and subscribed to before me." As this court has previously recognized, such affirmations are not to be taken lightly, as they are subject to G.L. c. 267, § 1, which makes proffering false evidence a felony. See *Commonwealth v. Johnson,* 32 Mass.App.Ct. 355, 356-57 (1992).

The defendant contends, nevertheless, that the certificates should be deemed noncompliant with the requirement that they be sworn to before the notary, and therefore should be stricken, because one date is typed on the top of the document and a different date is written into the jurat. We conclude that the different dates alone do not require striking the certificates. See *Commonwealth v..*

RAID

*Westerman,* 414 Mass. 688, 700 (1993); *Commonwealth v. Villella,* 39 Mass.App.Ct. 426, 430 (1995). Rather, the trial judge appropriately adopted the approach utilized in cases in which similar questions have been raised regarding the validity of certificates: instead of striking the certificates, he allowed in evidence both the certificates and the evidence questioning their validity.

In *Commonwealth v. Westerman,* 414 Mass. at 699-700, the defendant asserted that the judge should not have admitted in evidence a certificate by the Department of Public Safety chemist because the results of the chemist's analysis had not been sent to the Department of Public Health, as was required by the statute in effect at that time. In rejecting this argument, the court held that the "language of [the statute requiring that results be sent to the Department of Public Health] is a species in a family of statutory provisions that establish certificates of analysis as prima facie evidence of the composition and quantity of the substance analyzed. As such, the chemist's certificate is rebuttable evidence and not conclusive proof.... Thus, any procedural or administrative errors affect only the weight of the evidence." *Id.* at 700. (Citations omitted.)

Similarly, in *Commonwealth v. Villella,* 39 Mass.App.Ct. at 430, the defendant moved to strike the certificates on the ground that the chemist who undertook the analysis was alleged to have "tampered with evidence or given false analysis" in other cases. We concluded that "[e]ven if the defendant had been able at trial to substantiate this representation with proof and to demonstrate its probative value, the appropriate remedy would not have been to strike the certificates but to allow this evidence to be introduced at trial to rebut the prima facie effect of the certificate of analysis under G.L. c. 22C, § 39." *Ibid.*

In the instant case, the different dates on the certificate, as well as unattested copies given the defense during discovery, were introduced in evidence. The jury was also properly instructed on the term "prima facie" and the Commonwealth's burden of proof beyond a reasonable doubt on each element of the offenses, including that the substance purchased from the defendant on each occasion was cocaine and the amounts were over twenty-eight grams for one count and over two hundred grams for the other. In these circumstances, the trial judge properly admitted the chemist's certificates and left to the jury the question of their validity.

**\*\*\*3** 2. *Motion for required finding of not guilty.* The defendant also argues that the trial court erred in denying his motion for a required finding of not guilty because without the certificates of analysis the Commonwealth could not prove beyond a reasonable doubt either that the substance in question was cocaine or that the weight of the controlled substance equaled or exceeded the amount charged in each indictment. The defendant also argues that because the substance recovered during the controlled buys had changed form by the time it was introduced in evidence, the weaknesses of the case were exacerbated.

As explained above, the certificates of analysis were properly admitted. There was also testimony by Trooper Cepero, the undercover police officer, who examined, and at least in regard to the February 27, 1998, transaction, field tested and weighed the cocaine at the time of purchase. Finally, the change in form of the cocaine was fully explored at trial and, viewed in the light most favorable to the Commonwealth, did not detract from the clear chain of custody that established it was the contraband purchased from the defendant. The trial court's denial of the defendant's motion for a required finding of not guilty was therefore entirely proper.

3. *Voir dire request.* The defendant also argues that the judge should have questioned prospective jurors regarding whether they harbored any bias or prejudice toward someone who used an alias. We conclude that the trial judge did not abuse his discretion by refusing to question prospective jurors on this issue. See *Commonwealth v. Chretien,* 383 Mass. 123, 134 (1981).

4. *Trial judge's reminder to the prosecution.* The defendant next argues that the judge improperly adopted the role of an advocate when he reminded the prosecutor, after the prosecutor had examined his last witness but before he rested, that the defendant's wallet had only been admitted de bene. The prosecutor thereafter elicited the necessary testimony and had the wallet admitted in evidence over the defendant's objection and motion for mistrial.

A trial judge has broad discretion to control the flow of the evidence at trial. See *Commonwealth v. Wood,* 302 Mass. 265, 267-268 (1939)(trial judge has discretion to permit a party to present evidence after it has rested); *Commonwealth v. Shine,* 398 Mass. 641, 656 (1986) (judge advised prosecution to recall witness after close of prosecution's case). This single time-saving reminder to the prosecutor, outside of the presence of the jury, did not constitute an abuse of discretion.

5. *Motion for mistrial.* The defendant's final argument concerns the judge's denial of his motion for mistrial, which was based on the fact that some of the drugs purchased had changed into a brown, semi-liquid form. A trial court's decision on a motion for a mistrial "rests within the sound discretion

SA0044

of the trial judge. *Commonwealth v. Gordon*, 422 Mass. 816, 827 (1996). The judge did not abuse his discretion where the drugs were still in the bag that had been sealed at the laboratory at which they had been tested and no issue was raised concerning the chain of custody.

***4** Judgments affirmed.*

Mass.App.Ct.,2002.

Com. v. Cruz

54 Mass.App.Ct. 1112, 766 N.E.2d 128 (Table), 2002 WL 563607 (Mass.App.Ct.) Unpublished Disposition

END OF DOCUMENT

Copr. (C) West 2004 No Claim to Orig. U.S. Govt. Works

RA 12

SA0045