**United States District Court**
**District of Massachusetts**

```
                                    )
PABLO CRUZ,                         )
                                    )
            Petitioner,             )
                                    )    Civil Action No.
            v.                      )    05-10133-NMG
                                    )
LUIS SPENCER,                       )
                                    )
            Respondent.             )
                                    )
```

**MEMORANDUM & ORDER**

GORTON, J.

This petition for habeas corpus filed pursuant to 28 U.S.C.
§ 2254 follows the petitioner's state convictions on two counts
of cocaine trafficking.  The petitioner has asserted four grounds
for relief and has filed an affidavit in which he concedes that
the second ground (ineffective assistance of appellate counsel)
has not been exhausted in state court.  The parties agree that a
petition containing both exhausted and  unexhausted claims, often
called a "mixed petition", may not be granted but they disagree
on the appropriate remedy for such a filing.  Respondent moves
that the petition be dismissed whereas petitioner moves for a
stay while he exhausts his state remedies.

After the motion to stay was filed, the Supreme Court
announced its decision in Rhines v. Weber, 125 S.Ct. 1528, 1533
(2005) and changed the landscape with respect to stays of mixed

-1-

petitions. On July 6, 2005, this Court entered a Memorandum and
Order inviting the parties to file additional memoranda in light
of Rhines. Petitioner filed a two-page memorandum and a copy of
an appellate brief he filed in connection with his unexhausted
claim.

Having considered those pleadings, this Court concludes that
the petitioner is not entitled to a stay of this action. Under
Rhines, a district court may stay a mixed petition only if there
is "good cause" for the failure to exhaust and the unexhausted
claim is not "plainly meritless". Id. at 1535. Neither
requirement is satisfied here.

Notwithstanding this Court's explicit invitation, the
petitioner has not offered any cause, let alone good cause, for
his failure to exhaust all claims prior to filing the instant
petition. In the absence of such a showing, a stay is
impermissible. Id.

Furthermore, petitioner's argument on appeal is without
merit. His sole contention is that his Sixth Amendment right of
confrontation was violated because he was not permitted to cross-
examine the chemist who determined that a substance giving rise
to the convictions was cocaine. As he recognizes, the crux of
his argument is that the decision in Crawford v. Washington, 541
U.S. 36 (2004), which was rendered after petitioner's conviction,
should be applied retroactively. The trial judge rejected that

argument and held that Crawford does not have retroactive effect.

The First Circuit Court of Appeals has yet to consider whether Crawford is to be applied retroactively. See Horton v. Allen, 370 F.3d 75, 83 (1st Cir. 2004)("[w]hile the question of the retroactive effect of Crawford, if any, is an important one, we bypass the question here"). See also McGonagle v. United States, 2005 WL 1594548 *6 (1st Cir. 2005)(unpublished decision)("[i]t is doubtful that Crawford applies retroactively to cases on collateral review"). Other circuits have, however, persuasively held that the rule in Crawford is not retroactive. Murillo v. Frank, 2005 WL 736260 (7th Cir. 2005); Mungo v. Duncan, 393 F.3d 327 (2d Cir. 2004); Brown v. Uphoff, 381 F.3d 1219 (10th Cir. 2004). See also Ferguson v. Roper, 400 F.3d 635 (8th Cir. 2005)(stating that Crawford "does not appear to" be retroactive). As such, petitioner's argument on appeal does not justify a stay under Rhines. This petition will be dismissed without prejudice to refiling a petition containing only exhausted claims and subject to the applicable limitations period. 28 U.S.C. § 2244(d).

## ORDER

In accordance with the foregoing, petitioner's motion to stay (Docket No. 3) is **DENIED,** respondent's motion to dismiss (Docket No. 7) is **ALLOWED,** respondent's motion to dispense with conference requirement (Docket No. 6) is **DENIED,** as moot, and this petition for a writ of habeas corpus (Docket No. 1) is **DISMISSED** without prejudice to the refiling of a petition containing only exhausted claims and subject to the applicable limitations period.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated August 4 , 2005

-4-